Williams, Judge,
delivered the opinion of the court:
On April 17, 1936, plaintiff entered into a contract with the United States Treasury Department, New York State Procurement Division, wherein plaintiff agreed to furnish and deliver approximately 30' tons of structural steel to be used in the construction of a portable grandstand, to be delivered within ten days to the W. P. A. Machine Shops, Bronx, New York, all in accordance with certain drawings made a part of the contract.
After the plaintiff had delivered approximately 30 tons of structural steel under the contract, and as it thought had completed the contract, a question arose between the plaintiff and the defendant as to 6,500 angles required for the completed structure, which plaintiff up to that time had not furnished. Plaintiff contended that the contract did not require it to furnish these angles, while the defendant contended that it did, and made demand upon the plaintiff to súpply them, but plaintiff refused to do so. Upon the defendant’s insistence, however, that the grandstand was urgently needed for a parade that was to take place within a few days, plaintiff under protest agreed to furnish the angles with the understanding it would present a claim for payment of the angles as an extra beyond the contract requirements. Plaintiff then proceeded to fabricate the 6,500 angles in question and delivered them to the defendant.
The angles were used to keep the seat boards and the step boards in place. They were shown on the drawings and constituted necessary parts of the completed structure. The question for decision is whether or not plaintiff was required to supply them under its contract.
Plaintiff under the contract was required to furnish and deliver the following:
Approximately 30 tons of structural steel for portable grandstand to compose three hundred bents as shown on drawing.
The drawing lists the material going into the completed grandstand structure and also shows how the knocked- *115 down material supplied bj plaintiff and others was to be assembled. Materials are listed on the drawing in three groups. The first group is headed “Bill of Material for One Bent,” another is headed “Material for 3 Seat Spans of 4'-6" Each,” and the third being headed “Material for One Step Span.” The angles here involved are listed on the drawing under the headings “Material for 3 Seat Spans of 4N6" Each” and “Material for One Step Span,” and are not shown under the heading “Bill of Material for One Bent.”
Plaintiff in its initial delivery to the defendant furnished the structural steel required for 300 bents as shown on the drawing. That is all the contract required it to furnish. Therefore the 6,500 angles which the defendant required it to furnish under an erroneous construction of the contract were extras. The defendant having received and used the angles for its benefit is therefore obligated to pay plaintiff their reasonable value. Davis v. United States, 82 C. Cls. 334; Schmoll v. United States, 86 C. Cls. 632.
The reasonable value of the angles is shown to be 10 cents apiece, or $650. The plaintiff is entitled to recover and is hereby awarded judgment against the United States for the sum of $650. It is so ordered.
Littleton, Judge/ Geeen, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.